Kough *v.* Pennsylvania Railroad Company, Appellant.

222    175
41SC¹609

*Railroads—Damages—Trespass—Pleadings—Variance—Allegata and probata.*

It is not enough that the evidence shows a cause of action; it must show the cause alleged.

In an action by a landowner against a railroad company, the plaintiff in his statement averred that the defendant without having tendered a bond entered and appropriated a strip of plaintiff's land adjoining its right of way, and placed an additional track thereon; that the movement of trains on this track made his house less desirable as a residence because of vibration, noise and dirt; and that the defendant destroyed shade trees and threw stones and earth on a part of his land not appropriated.    At the trial the proofs were that the strip appropriated was in fact a dedicated public road, that no shade trees had been injured, and that the throwing of dirt and stones was not on the property of the plaintiff, but on the surface of the street.    The only testimony that tended to show injury to plaintiff was to the effect that the construction of the additional track interfered with the means of access to plaintiff's property.    *Held*, that it was reversible error to permit the jury to allow plaintiff damages for interference with access to his property,

inasmuch as there was nothing alleged in the statement of claim as a basis for the recovery of such damages.

Argued April 21, 1908.   Appeal, No. 112, Jan. T., 1908, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1905, No. 49, on verdict for plaintiff in case of William E. Kough v. Pennsylvania Railroad Company.   Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ.   Reversed.

Trespass to recover damages for injuries to real estate.

The opinion of the Supreme Court states the case.

The court charged in part as follows :

If, in taking this narrow strip, seventy feet long, the defendant destroyed the plaintiff's access to and from his property, or interfered with it and made it harder to get to and from his home, and by so doing rendered this property less valuable in the market, then the plaintiff can recover to just such an extent as the evidence shows you he has been injured ; and in considering this matter you must bear in mind the conditions that existed before, and the conditions that existed after, the said defendant took possession.   There was smoke, noise and cinders there before the taking.   How much did the increase of these elements, if any, interfere with the access of the plaintiff to and from his property and thereby affect the market value of the property ?   You must be satisfied that the defendant company took a portion of the plaintiff's property and interfered with his access to and from his home, and thereby injured him, before you can find for plaintiff.   If you find that the defendant company has taken a portion of his land and interfered with his access to and from his property, how much, if any, has the market value of the property been affected ; and, in considering this matter, you must take into consideration the testimony of the witnesses who testified as to the value of the property immediately before and immediately after the taking, taking into consideration any advantages or disadvantages that accrued to the plaintiff.

Verdict and judgment for plaintiff for $1,700.   Defendant appealed.

*Errors assigned* were various instructions.

*John D. Dorris,* for appellant.—It is not enough that the evidence may show a cause of action, it must show the cause laid in the declaration. The plaintiff does not recover on the proofs alone; he recovers secundum allegata et probata. In trespass, especially, the ground of complaint should be stated so distinctly that the real issue may be formed by the plea of not guilty, since that is the only plea permitted: Clark v. Lindsay, 7 Pa. Superior Ct. 43; Fulmer v. Williams, 122 Pa. 191.

It does not admit of a doubt in this state that a railroad company may use a public street or highway when authorized by its charter, either expressly or inferentially: Cleveland & Pittsburg R. R. Co. v. Speer, 56 Pa. 325; Mayor, etc., of Pittsburg v. Penna. R. R. Co., 48 Pa. 355; McGee's App., 114 Pa. 470; Howell v. Morrisville Borough, 212 Pa. 349; Penna. R. R. Co. v. Duncan, 111 Pa. 352; Penna. R. R. Co. v. Lippincott, 116 Pa. 472.

*James S. Woods* and *H. H. Waite,* for appellee.—Where a statement in trespass contains clear and concise information of the cause of neglect to which complaint is made, the plaintiff is not debarred from showing in the trial other items which are the natural results of such negligent acts: Wike v. Woolverton, 26 Pa. Superior Ct. 561; Schofield v. Lafferty, 17 Pa. Superior Ct. 8; Rife v. Middletown, 32 Pa. Superior Ct. 68.

All mere technical defects in a declaration, which might have been reached by demurrer, are cured by trial and verdict on the merits: Township of East Union v. Comrey, 100 Pa. 362; Chapin v. Cambria Iron Co., 145 Pa. 478; Eckert v. Schoch, 155 Pa. 530.

OPINION BY MR. JUSTICE FELL, June 23, 1908:

The appellant's contention that a recovery against it was allowed for a cause of action not declared on must be sustained. The substance of the allegations in the declaration is that the defendant, without having tendered a bond as required by law, entered by force upon and appropriated to its use a strip of the plaintiff's land adjoining its right of way and placed an additional track thereon; that the movement of trains on this track made his house less desirable as a residence because of

vibration, noise and dirt; that the defendant destroyed shade trees and threw stones and earth on a part of his land not appropriated.

The proofs at the trial were that in the borough of Mount Union the defendant's road was eight feet below the grade of a public street on which the plaintiff's property was situated. There was a sloping bank six and a half feet in width on the north side of the street between the level portion thereof and the defendant's roadbed. By authority of the borough council, granted by ordinance, the defendant removed the bank, built a retaining wall, and occupied six and a half feet of the street at the grade of its tracks on the side opposite the plaintiff's property. The grade of the part of the street that was traveled was not changed, nor was any part of the plaintiff's land taken. The claim for damages for the injury to shade trees was not sustained by proof and was withdrawn from the jury by the court; and the throwing of dirt and stones complained of was not on the private property of the plaintiff, but on the surface of the public street during the progress of the work. The only ground for the recovery of damages that the testimony tended in any way to establish was interference with the means of access to the plaintiff's property. This was not alleged as a ground for recovery, nor was it a natural result of the grounds laid, and its submission to the jury was error.

When testimony on this subject was first objected to, the plaintiff was proceeding on the theory that a street had not been laid out in front of his property and that a part of his land in actual occupation had been taken. The objection was properly overruled because, if a part were taken, the testimony was admissible to show the injury to the remaining land. But it was afterwards shown beyond controversy and admitted that a public street had been established by dedication by a previous owner and by adoption by the borough, and the question of the right to recover for interference with the means of access was raised by a request for charge. The change of front by the plaintiff during the trial no doubt led to the error, but it cannot be said that the defendant acquiesced in the submission of a question not involved in the issue. The plaintiff may have a cause of action for the impairment of a right incident to his property, under the principles stated in Jones *v.*

Erie, etc., Railroad Co., 151 Pa. 30, and the cases there cited, but it is a cause differing from that laid in the declaration. It is not enough that the evidence shows a cause of action ; it must show the cause alleged.

The judgment is reversed.